MAXWELL, JUSTICE,
DISSENTING:
¶ 24. With respect to the majority, I find it places the cart before the horse. Indeed, the majority offers “a word of caution” about its analysis. (Maj. Op. at ¶ 11). It admits “we cannot know the extent to which, if at all, [the requested documents] fall within the exception created by Section 25-61-9(7).” (Maj. Op. at ¶ 11) (emphasis added). Yet, rather than taking the prudent approach—actually finding out what documents we are dealing with and if they are subject to Section 25-61-9(7) or “protected” by the 2006 order—the majority jumps right in and begins interpreting and making declarations about statutes. So essentially, the majority goes back and forth for pages analyzing Sections 25-61-9(7) and 25-61-11, but concedes it is operating blindly and cannot really say there is an actual controversy that raises a true conflict between the statutes.
¶25. Let me be clear, the majority’s statutory discussion is thorough. And I do not suggest the majority is wrong in the bulk of its analysis of what statute would control if there are indeed supposedly protected documents that raise a conflict between Section 25-61-11’s shielding provision and the recently amended transparency law in Section 25-61-9(7). But I find it premature for this Court to declare we *217 are at a statutory impasse, when it admits it does not know what documents we are dealing with, and if they are even subject to Section 25-61-9(7) or covered by the 2006 protective order. Because of this premature statutory interpretation, I respectfully dissent.
¶26. The record shows the Mississippi Department of Information Technology Services awarded BellSouth the RFP 4000-1 contract on November 30, 2005. This contract was supposed to end in 2016. On February 16, 2006, after other public records requests, BellSouth sought and was granted a protective order, sealing the RFP 4000-1 contract from disclosure. Citing the recent changes to Sections 25-61-9(7) and 25-1-100, Cellular South submitted its public records request to ITS on July 9, 2015.
¶27. I find it important that the 2015 public records request was for “RFP 4000-1 and the Contract associated with RFP Jf000-1 for the last three years.” (Emphasis added.) Both parties agree that a significant amount of time has passed since the RFP 4000-1 contract was awarded in 2005. And the 2006 protective order is very specific in the documents it protects. As the majority notes, the order protects the agreement “dated November 2005” and the related proposal and other materials. (Maj. Op. at ¶ 1). But the record indicates the RFP 4000-1 contract was amended or modified—at the very least when the term was extended from 2016 to 2018. Yet the chancellor made no finding, on the record, whether the 2005 contract or some more recent agreement covering “the last three years” is the operative agreement between ITS and BellSouth, and whether the 2006 order even applies. He simply cited Section 25-61-11, without addressing this concern. If in fact the records sought by Cellular South are not protected by the 2006 order, then there is no “decision of a court of this state” that raises the potential conflict between Sections 25-61-9(7) and 25-61-11.[1]
¶ 28. Rather than preemptively engaging in statutory interpretation of a potential statutory conflict, as the majority does, I find the more reasonable approach at this procedural point is to determine what exact agreement is in place and whether it is subject to the 2006 protective order. So I would remand for additional findings. After these findings are made, the cards will be on the table, and if a statutory conflict emerges we can proceed without guessing.

. Miss. Code Ann. § 25-61-11 (Supp. 2016).